IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DIANA LARSON

        Plaintiff,

    v.                              Case No. 12-2056-JTM

WAL-MART STORES, INC. D/B/A SAM'S
  CLUB,

        Defendants.

MEMORANDUM AND ORDER

Before the court is defendant's Motion to Dismiss for Failure to State a Claim (Dkt. No. 5). Diana Larson filed suit against Wal-Mart Stores, Inc., alleging negligence resulting in personal injury under Kansas tort law. In this motion, Walmart seeks to dismiss Ms. Larson's Complaint arguing it is barred by the applicable statute of limitation because it does not fall within the "saving statute" under K.S.A. 60-518. Alternatively, Walmart seeks to dismiss only the claim for loss of consortium arguing it specifically is not preserved by the saving statute. For the following reasons, the court grants Walmart's Motion to Dismiss the loss of consortium claim and denies Walmart's Motion to Dismiss the Complaint as a whole.

**I. Factual Background**

On February 28, 2009, Ms. Larson was a customer at the Sam's Club store located in Salina, Kansas, and was injured after being struck by a tire. Ms. Larson contends she was injured as a result of an employee's negligence and that Walmart is vicariously liable. On February 22,

2011, Ms. Larson filed a Petition in the District Court of Saline County, Kansas seeking damages in excess of $75,000 for negligence. This Petition did not contain a claim for loss of consortium nor did it indicate that she was seeking damages on behalf of her husband. She filed an amended Petition on March 4, 2011, which also did not include a claim for loss of consortium.

Ms. Larson did state that she was seeking $50,000 for loss of consortium in the Statement of Monetary Damages filed on July 28, 2011, and later responded to an interrogatory requesting her to itemize every type of damage she intended to seek with "See Statement of Monetary Damages previously filed." She also included a general description of her family in response to an interrogatory and testified during a deposition that she made her husband do the farm work. Ms. Larson filed a motion to dismiss which the state court granted without prejudice on January 19, 2012. She then filed a Complaint arising from the same incident with this court on January 29, 2012. The present Complaint provides: "Plaintiff brings this claim for loss of consortium for the benefit of her husband, Mark Larson."

**II. Legal Standard: 12(b)(6)**

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include enough facts to state a claim to relief that is plausible on its face." *Corder v. Lewis Palmer Sch. Dist No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (clarifying and affirming *Twombly's* probability standard). Allegations that raise the specter of mere speculation are not enough. *Corder*, 566 F.3d at 1223-24. The court must assume that all allegations in the complaint are true. *Iqbal*, 129 S. Ct. at 1936-37. "The

2

issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'" *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2 (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)). The Tenth Circuit utilizes a two step process when analyzing a motion to dismiss. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). First, the court must identify conclusory allegations not entitled to the assumption of truth. *Id.* Second, the court must determine whether the remaining factual allegations plausibly suggest the plaintiff is entitled to relief. *Id.*

The court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and are undisputed. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). A court may also consider facts subject to judicial notice without converting the motion into one for summary judgment. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

**III. Analysis**

*A. K.S.A. 60-513(a)(4) Bars the Present Action Without the Saving Statute*

Walmart seeks to dismiss the Complaint arguing the claim for loss of consortium was not brought in state court and consequently the entire Complaint is not preserved by the saving statute. K.S.A. 60-513(a)(4) provides that all actions "for injury to the rights of another, not arising in contract, and not herein enumerated" must be brought within two years from the date of injury. The present action stems from an injury on February 28, 2009. Ms. Larson filed her Complaint with this court on January 29, 2012; well after the otherwise applicable two year statute of limitation had lapsed. It is uncontested that K.S.A. 60-513(a)(4) would bar the Complaint unless it is preserved by K.S.A. 60-518, the Kansas saving statute.

In order for K.S.A. 60-518 to apply, three requirements must be met: (1) the plaintiff must have commenced the first action within the applicable statute of limitations; (2) the first action must have failed "otherwise than upon the merits;" and (3) the plaintiff must have commenced the second action within six months after the failure of the first. *Burnett v. Perry Mfg., Inc.*, 151 F.R.D. 398, 400 (D. Kan.1993). Ms. Larson's first action was filed in Saline County on February 22, 2011, within two years after the incident. It is undisputed that this first action failed "otherwise than upon the merits" because it was dismissed without prejudice. The present action was filed on January 29, 2012, within six months after the voluntary dismissal of the first action on January 19, 2012. The controversy in this case concerns an implicit requirement of the saving statute – that it only preserves claims that are identical or "substantially similar" to those previously asserted.

*B. K.S.A. 60-518 Does Not Preserve the Claim for Loss of Consortium*

Walmart argues that K.S.A. 60-518 does not preserve the loss of consortium claim because Ms. Larson did not assert it during the Saline County action. Ms. Larson contends that she did file a claim for loss of consortium evidenced by the Statement of Monetary Damages and subsequent references to that document.

K.S.A. 60-518 preserves an "action" or "cause of action" that was previously "commenced within due time." K.S.A. 60-518. The subsequent action must be "substantially similar" to the original action in order to be preserved. *Taylor v. Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers, AFL-CIO*, 25 Kan. App.2d 671, 676, 968 P.2d 685, 689 (1998). K.S.A. 23-2605 describes loss of consortium as a "right of action" and includes that it "shall vest solely in (the injured spouse) . . . for the benefit of such person's spouse." K.S.A. 23-2605. This suggests that the legislature intended that loss of consortium be an entirely separate

4

action and not merely an additional type of damage that can be included in a claim for negligence.

Kansas precedent favors this interpretation. In *Taylor,* the court regarded the addition of a loss of consortium claim as one of the material differences between the two cases in reaching its conclusion that the two actions were not substantially similar. 25 Kan. App.2d at 677, 968 P.2d at 690. Additionally, in *Blackwell v. Harris Chemical North America, Inc.*, the court permitted the plaintiff to amend a complaint to include loss of consortium and implied that the claim would be time barred without the amendment. 11 F. Supp.2d 1302, 1307 (D. Kan. 1998). These cases suggest that loss of consortium is a separate cause of action that must be included in a previous complaint in order to be preserved. This court has previously interpreted Kansas law to require an amendment of the pleading in order to properly assert a claim for loss of consortium. *See, e.g.*, *Miller v. Union Pacific R.R.*, No. 06-2399, 2008 WL 4271906 (D. Kan. 2008); *Ehsan v. Patel*, No. 06-2174, 2007 WL 496861 (D. Kan. 2007); *Topliff v. Gross*, No. 94-1415, 1997 WL 321291 (D. Kan. 1997).

Here, Ms. Larson did not include a claim for loss of consortium or mention her husband in her Saline County Petition. She did seek damages for loss of consortium and referred to these damages in subsequent court documents. However, Ms. Larson would have been required to amend her Petition according to K.S.A. 60-215 to seek those damages at trial.  The saving statute only saves those actions that were previously "commenced within due time." Ms. Larson did not properly "commence" her action for loss of consortium in state court. Consequently, K.S.A. 60-518 is inapplicable to that portion of her claim and Walmart's Motion to Dismiss the claim for loss of consortium is granted.

*C. K.S.A. 60-518 Preserves the Remainder of the Complaint*

The remaining issue is whether the addition of the loss of consortium claim renders the entire action barred by the statute of limitation. The Kansas Court of Appeals has described the "substantially similar" test as:

> "[T]he saving statute applies only if the original action and the subsequent action are substantially the same. *Where the parties and the relief sought in the new action are different from those in the original action, the actions are not substantially the same, and the saving statute does not apply.* In addition, where the relief sought is the same in both actions, but the defendants are different, the actions are not substantially the same for purposes of the saving statute."

*Taylor*, 25 Kan. App.2d at 676, 968 P.2d at 689 (emphasis in original) (quoting *Day v. NLO, Inc.*, 798 F. Supp. 1322, 1328 (S.D. Ohio 1992)).

In *Taylor*, the court found that Taylor's first and second claims for defamation were not substantially similar and that the saving statute did not apply. *Id*. at 677, 968 P.2d at 690. The first suit (*Taylor I*) was brought in Sedgwick County District Court, named five defendants, and did not include a claim for loss of consortium. *Id*. Taylor then sued again in state court (*Taylor II*) (after an intervening failed claim in federal court) seeking to apply the saving statute from *Taylor I*. *Id*. at 675, 968 P.2d at 688-89. The *Taylor II* trial court found that the defamation action was not preserved by the saving statute. *Id.* at 672, 968 P.2d at 687. The Kansas Court of Appeals confirmed that Taylor's claim for defamation should be time barred because it was not substantially similar to his claim for defamation in *Taylor I*. *Id*. at 677, 968 P.2d at 690. In reaching this conclusion, the court commented, "[i]n the first action, plaintiff was seeking to recover damages only for himself; now he seeks to recover damages for the benefit of his wife." *Id*. The court also noted that there were five defendants in the original action and only one defendant in the second action. *Id*.

In reaching its decision, the court in *Taylor* relied heavily on the Kansas Supreme Court

6

ruling in *Rogers v. Williams, Larson, Voss, Strobel & Estes*. In *Rogers*, the plaintiffs tried to invoke the saving statute after filing the first action in their individual capacities and the second action as administrators of an estate. 245 Kan. 290, 294, 777 P.2d 836, 839 (1989). The Kansas Supreme Court found that this change in capacity by the plaintiffs was one reason the saving statute did not apply. *Id*. *Rogers* did not answer the question of whether previously named claims or plaintiffs would be barred because of an additional claim. Instead, *Rogers* suggests that entirely new claims or plaintiffs are not preserved by the saving statute.

In *Goldsmith v. Learjet*, *Inc*., the Tenth Circuit interpreted *Rogers* and held that the individuals who were not named as plaintiffs in the same capacities in the first suit could not use the saving statute to bring claims in the second suit. 90 F.3d 1490, 1495 (10th Cir. 1996). The court implicitly allowed those who were named in the first suit to invoke the saving statute and to proceed in the second action in the same capacity. *Id*. The Tenth Circuit dismissed only the new claims and did not dismiss the entire case for the defect of additional plaintiffs. *Id*.

In *Taylor*, the court refused the application of the saving statute to the entire action because the parties in the two actions were different. The court cited the addition of the loss of consortium claim as a change, but also pointed to the change in defendants. *Taylor*, 25 Kan. App. 2d at 677, 968 P.2d at 690. The court considered both sides of the suit as different rendering the claim for defamation not substantially similar. *Id*. In *Rogers*, the Kansas Supreme Court ruled that a claim originally brought by individuals and subsequently by administrators of an estate was not preserved by the saving statute. 245 Kan. at 294, 777 P.2d at 839. These cases indicate that Kansas law requires the dismissal of only additional claims and not entire complaints. The outcome in *Goldsmith* is consistent with this interpretation. Walmart cites no case in which the addition of a loss of consortium or other type of claim renders the entire suit not substantially similar under the saving statute.

In the present case, Ms. Larson properly asserted her claim for negligence in the Saline County action. She did not properly plead her claim for loss of consortium. *Taylor*, *Rogers*, and *Goldsmith* indicate that the consequence of adding an additional claim is that the additional claim is not saved by K.S.A. 60-518, but the action as a whole is not dismissed. Walmart has been on notice regarding Ms. Larson's claim (minus the claim for loss of consortium) from the time she filed her action in Saline County within the applicable statute of limitations on February 22, 2011. She has complied with the requirements of the saving statute and consequently her negligence claim is not barred.

IT IS ACCORDINGLY ORDERED this 27th day of June 2012, that defendant's Motion to Dismiss is granted in part and denied in part.

s/ J. Thomas Marten_____
J. THOMAS MARTEN, JUDGE